IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLARA HAMPTON**                                                       **PLAINTIFF**

                                                               **NO. 1:19CV00011-JMV**

**NANCY A. BERRYHILL**
*Commissioner for Operations*                                                 **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ applied an incorrect legal standard in his evaluation of the claimant's treating physician's (Dr. Robert Hardy) opinions. Further, the ALJ rejected many of Dr. Hardy's opinions with regard to limitations he assigned the claimant without any explanation. These errors are not harmless because there is no contradictory medical opinion in the record with regard to the claimant's ability to perform mental work activities, and there is insufficient evidence to support the mental limitations assigned by the ALJ.[1]

---

[1] In *Salmond v. Berryhill*, 892 F.3d 812, 818 (5th Cir. 2018 ), the Fifth Circuit cited with approval the Third Circuit's observation in *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000), that "[t]he principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case

On remand, the ALJ shall reevaluate Dr. Hardy's medical source statement with respect to each limitation he assessed.  Before the ALJ rejects or assigns little weight to any of Dr. Hardy's opinions regarding the multiple mental limitations he assigned, the ALJ must apply the correct standard, *see Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000), and articulate good cause for rejecting any opinion or assigning it little weight.  Finally, if the ALJ rejects any pertinent limitation or assigns little weight to it, the ALJ must order a consultative mental examination of the claimant.  The consultative examiner must be provided with copies of all the claimant's pertinent medical records and be required to give an assessment of the claimant's ability to perform mental work activities.  Then, if necessary, the ALJ will seek the advice of a medical advisor in determining the claimant's mental RFC for the relevant period.  Ultimately, the ALJ must issue a new decision and may conduct any proceedings that are not inconsistent with this decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED in part and REMANDED for further proceedings.**

This, the 24th day of January, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

involving a mental disability."